IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHANCE JUSTIN REDSTONE,<br><br>Defendant. | CR 20-39-GF-BMM-JTJ<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Chance Justin Redstone (Redstone) has been accused of violating conditions of his supervised release. (Docs. 40 and 53). Redstone admitted the alleged violations. Redstone's supervised release should be revoked. Redstone should be sentenced to custody until November 5, 2024, at noon, with no term of supervised release to follow.

## II. Status

Redstone plead guilty on September 21, 2020, to the offense of Distribution of Methamphetamine, in violation of Title 21 U.S.C. Sections 841(a)(1), (b)(1)(B) as charged in Count 3 of the Indictment. (Doc. 18). Redstone was sentenced to 1 day of custody followed by 4 years of supervised release. (Doc. 31). Redstone's current term of supervised release began on February 10, 2021.

**Petition**

On March 20, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Redstone's supervised release. (Doc. 40). The Petition alleged Redstone violated a condition of his supervised release by: (1) failing to refrain from the unlawful use of a controlled substance, by admitting on March 19, 2024, to using methamphetamine once or twice a week over the last few months.

**Initial Appearance**

Redstone appeared before the Court on May 28, 2024. Redstone was represented by counsel. Redstone stated that he had read the Petition and that he understood the allegations against him. Redstone waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on May 28, 2024. Redstone admitted that he had violated a condition of supervised release as set forth in the Petition by: (1) failing to refrain from the unlawful use of a controlled substance, by admitting on March 19, 2024, to using methamphetamine once or twice a week over the last few months.

**Sentencing hearing**

Redstone appeared before the Court on May 28, 2024. At that time, the Court continued Redstone's sentencing hearing until November 26, 2024.

**Amended Petition**

On August 8, 2024, the United States Probation Office filed an Amended Petition requesting that the Court revoke Redstone's supervised release. (Doc. 53). The Amended Petition alleged Redstone violated conditions of his supervised release by the added violation of (2) failing to refrain from the unlawful use of a controlled substance by admitting he had used methamphetamine and marijuana on August 3, 2024.

**Second Initial Appearance**

Redstone appeared before the Court on August 27, 2024. Redstone was represented by counsel. Redstone stated that he had read the Amended Petition and that he understood the allegations against him. Redstone waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Second Revocation hearing**

The Court conducted a revocation hearing on August 27, 2024. The Court noted that Redstone had previously admitted that he had violated a condition of supervised release as set forth in the Petition by: (1) failing to refrain from the

unlawful use of a controlled substance, by admitting on March 19, 2024, to using methamphetamine once or twice a week over the last few months. Redstone then admitted that he had violated the conditions of his supervised release as set forth in the Amended Petition by: (2) failing to refrain from the unlawful use of a controlled substance by admitting he had used methamphetamine and marijuana on August 3, 2024. The Court determined the violations are serious and warrant revocation of Redstone's supervised release.

**Sentencing hearing**

Redstone appeared before the Court on August 27, 2024. Redstone's violation is a Grade C violation. His criminal history category is I. Redstone's underlying offense is a Class B felony. Redstone could be incarcerated for up to 36 months. Redstone could be ordered to remain on supervised release for 48 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Redstone's supervised release should be revoked. Redstone should be sentenced to custody until November 5, 2024, at noon, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Redstone that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Redstone of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Redstone that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

> That CHANCE JUSTIN REDSTONE has violated the conditions of his supervised release by: (1) failing to refrain from the unlawful use of a controlled substance, by admitting on March 19, 2024, to using methamphetamine once or twice a week over the last few months; and (2) failing to refrain from the unlawful use of a controlled substance by admitting he had used methamphetamine and marijuana on August 3, 2024.

The Court **RECOMMENDS:**

> That the District Court revoke Redstone's supervised release and sentence Redstone to custody until November 5, 2024, at noon, with no term of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 3rd day of September, 2024.

John Johnston
United States Magistrate Judge